**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SUSAN N. OLIMPIADA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI,[1]<br>Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No. 2:21-cv-00196-CLB<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING CROSS-MOTION TO AFFIRM**<br><br>[ECF Nos. 20, 23] |

　　　　This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Susan Olimpiada's ("Olimpiada") application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Currently pending before the Court is Olimpiada's motion for reversal and/or remand, (ECF No. 20). Olimpiada seeks the reversal of the administrative decision and/or remand for an award of benefits. (*Id.*) The Commissioner opposed the motion and filed a cross-motion to affirm, (ECF Nos. 23/24), and Olimpiada replied. (ECF No. 25.) Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), (ECF No. 18), the Court concludes that the Commissioner's finding that Olimpiada could perform other work that exists in significant numbers in the national economy was supported by substantial evidence. Therefore, the Court denies Olimpiada's motion for remand, (ECF No. 20), and grants the Commissioner's cross-motion to affirm, (ECF No. 23).

///

///

///

---

[1]　　Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

# I. STANDARDS OF REVIEW

## A. Judicial Standard of Review

This court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

"However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B.   Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of their claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform their prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to

the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits the individual from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the

intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four to determine whether the individual has the RFC to perform their past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform their past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any past relevant work, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering their RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.   CASE BACKGROUND

### A.   Procedural History

Olimpiada applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on July 6, 2017, and July 16, 2017, respectively, with an alleged disability onset date of January 1, 2009. (AR 258-69.) Olimpiada's application was denied

initially on January 29, 2018, and upon reconsideration on August 28, 2018. (AR 174-83, 260-69.) On April 23, 2020, Olimpiada appeared at a telephonic hearing before an ALJ. (AR 62-100.) Although informed of her right to representation, Olimpiada chose to appear and testify without the assistance of an attorney or other representative. (*Id.*) A vocational expert ("VE") also appeared at the hearing via telephone. (*Id.*) The ALJ issued a written decision on August 7, 2020, finding that Olimpiada was not disabled because she could perform other work that exists in significant numbers in the national economy. (AR 37-50.) Olimpiada appealed, and the Appeals Council denied review on December 18, 2020. (AR 1-7.) Accordingly, the ALJ's decision became the final decision of the Commissioner. Having exhausted all administrative remedies, Olimpiada filed a complaint for judicial review on February 4, 2021. (ECF Nos. 1-1, 5.)

### B.     ALJ's Decision

In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 37-50.) Ultimately, the ALJ disagreed that Olimpiada has been disabled from January 1, 2009, the alleged onset date, through the date of the decision. (AR 50.) The ALJ held, based on the testimony of the VE, as well as Olimpiada's age, education, work experience, and RFC, that Olimpiada could perform other work that exists in significant numbers in the national economy. (AR 49-50.)

In making this determination, the ALJ first determined that Olimpiada meets the insured status requirements of the Social Security Act through December 31, 2012. (AR 40.) The ALJ then went to step one of the five-step sequential evaluation, where the ALJ found Olimpiada had not engaged in substantial gainful activity since the alleged onset date of January 1, 2009. (*Id.*) At step two, the ALJ found Olimpiada had the following severe impairments: a mental impairment diagnosed to include major depressive disorder and generalized anxiety disorder. (AR 40-42.) At step three, the ALJ found Olimpiada did not have an impairment or combination of impairments that either met or medically equaled the severity of those impairments listed in 20 C.F.R. Part 404, Subpart P, Appx. 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (AR

42-44.)

Next, the ALJ determined Olimpiada has the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: could perform noncomplex, routine tasks; could occasionally have contact with the public of a superficial nature; could not have teamwork-related tasks; could make simple work-related decisions; and would be able to exercise appropriate judgment in the workplace. (AR 44-48.)

The ALJ found Olimpiada's medically determinable impairments could reasonably be expected to cause some of the symptoms alleged; however, Olimpiada's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 45.) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, Olimpiada's treatment history since the alleged disability onset date, and Olimpiada's subjective testimony. (AR 44-48.) The ALJ found that Olimpiada's RFC was "supported by the overall evidence of record, the findings of the State agency consultants, the findings of the consultative examiner, and [Olimpiada's] ability to perform various activities, including moving between states, driving if she has a person in the car, use Lyft for transportation, and a report that 'sometimes she watches her grand kids.'" (AR 48.) The ALJ then determined that Olimpiada is not capable of performing any past relevant work as a program management analyst. (*Id.*)

Relying on the testimony of the VE, the ALJ determined that Olimpiada's age, education, work experience, and RFC would allow her to perform other occupations existing in significant numbers in the national economy, such as: cleaner II, hospital cleaner, and hand packer. (AR 49-50.) Accordingly, the ALJ held that Olimpiada had not been under a disability since the alleged onset date of January 1, 2009, through the date of the decision, and denied Olimpiada's claim. (AR 50.)

**III.    ISSUE**

Olimpiada seeks judicial review of the Commissioner's final decision denying DIB and SSI under Titles II and XVI of the Social Security Act. (ECF No. 20.) Olimpiada raises

two issues for this Court's review:

1. Whether Olimpiada is entitled to a rehearing because the administrative proceedings were "tainted by the unconstitutional appointment and tenure of Andrew Saul as the Commissioner of Social Security"; and,

2. Whether the ALJ sustained her burden at step five of the sequential evaluation.

(*Id.* at 6-14.)

## IV.  DISCUSSION

### A.  Separation of Powers

Olimpiada first argues that the decision denying her disability benefits claim was constitutionally defective because the Social Security Act provision that limits the President's authority to remove the Presidentially-appointed, Senate-confirmed Commissioner of Social Security without good cause—42 U.S.C. § 902(a)(3)—violates the separation of powers. (ECF No. 20.) The parties agree that 42 U.S.C. § 902(a)(3) violates the separation of powers to the extent it is construed as limiting the President's authority to remove the Commissioner without cause. (ECF No. 23 (citing Office of Legal Counsel, U.S. Dep't of Justice, Constitutionality of the Commissioner of Social Security's Tenure Protection, 2021 WL 2981542 (July 8, 2021) ("OLC Op.")).) However, the Commissioner makes two primary arguments that Olimpiada's separation of powers argument does not entitle her to relief. First, the Commissioner argues that because the ALJ's appointment was ratified by then-Acting Commissioner of Social Security Berryhill, who was not subject to an impermissible removal restriction, any harm stemming from the U.S.C. § 902(a)(3)'s removal provision is tenuous at best. (ECF No. 23.) Second, regardless of the ratification, Olimpiada cannot show she suffered harm as a result of the unconstitutional removal provision. (*Id.*)

Olimpiada fails to make a showing of actual harm as anticipated by Supreme Court and Ninth Circuit case law. *See, e.g., Collins v. Yellen*, 141 S.Ct. 1761, 1787-89 (2021); *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1138 ("there is no link between the ALJ's decision awarding benefits and the allegedly unconstitutional removal provisions. And

nothing commands us to vacate the decisions below on that ground."). Then-Acting Commissioner Berryhill ratified the ALJ appointment in July 2018, before the ALJ adjudicated Plaintiff's claim in 2020. (ECF No. 23 at 8.) Olimpiada is therefore unable to establish a causal connection between the unconstitutionality of Commissioner Saul's tenure under 42 U.S.C. § 902(a)(3) and the adjudication of her claim by a properly appointed administrative law judge. *Decker Coal*, 8 F.4th at 1137 (refusing to vacate the adjudication of an ALJ whose appointment was ratified before the decision at issue "absent a showing of harm."); *see also Alice A. v. Comm'r of Soc. Sec.*, Case No. C20-5756 RAJ, 2021 WL 5514434, at *7 (W.D. Wash. Nov. 24, 2021) ("Plaintiff has failed to show any connection between the unconstitutional removal clause and the ALJ's decision denying her benefits.").

Olimpiada presents no evidence that her rights were violated by any specific action taken by the Commissioner or the ALJ at any point in the process. Olimpiada argues that the Commissioner is exaggerating the harm threshold required for retrospective relief. But this argument is meritless because Olimpiada cannot show anything more than the remote and abstract possibility of harm. As was the case in *Decker Coal*, there is no evidence that "the existence of [the removal restriction] alone tainted the ALJ's decision." *Decker Coal*, 8 F.4th at 1137.

For the reasons stated above, the Court declines to reverse or remand the prior rulings in this case and award Olimpiada retroactive relief. Having determined that Olimpiada's separation of powers argument does not entitle her to reversal or remand, the Court proceeds to consider Olimpiada's substantive challenge to the ALJ's denial of disability benefits.

**B.    VE Testimony**

Next, Olimpiada challenges the ALJ's finding that she could perform a significant number of jobs—such as a cleaner II, hospital cleaner, and hand packer—and the VE's testimony because such testimony allegedly conflicts with "reliable job data" from the O*NET, that Olimpiada submitted to the Appeals Council. (ECF No. 20 at 13-14.)

First, the Court finds that the ALJ was not required to resolve any supposed conflict between the VE's testimony and O*NET, as it is a non-DOT source. *See Lusson v. Saul*, Case No. 2:20-cv-01215-DJA, 2021 WL 510618, at *7 (D. Nev. Feb. 11, 2021) ("Plaintiff failed to cite any binding Ninth Circuit decision that finds that a VE must rely on O*NET or that O*NET controls when it conflicts with the VE's testimony"); *see also*, *Grether A. D. v. Saul*, No. CV 20-3356-E, 2021 WL 1664174 at *8 n.8 (C.D. Cal. Apr. 28, 2021) (holding that "the non-DOT sources [claimant] cites are not conclusive regarding the standing requirements for the jobs the vocational expert identified") (citing *Tommy D. J. v. Saul*, No. EDCV 20-1013-RAO, 2021 WL 780479, at *3 n.3, *5 (C.D. Cal. Mar. 1, 2021) (citations and quotations omitted) (holding "the ALJ is not required to reconcile conflicts between the VE's testimony and non-DOT sources, such as O*Net OnLine")). As is the case here, "[t]he Commissioner was also under no obligation to sua sponte resolve a conflict between job numbers provided by [claimant] and the VE's testimony because the job numbers came from sources other than the Dictionary of Occupational Titles." *Shapiro v. Saul*, 833 Fed.Appx. 695, 696 (Mem) (9th Cir. 2021).

Additionally, the testifying VE had significant experience in the vocational rehabilitation field. (AR 90-91, 363-64.) The VE explained that her testimony was consistent with the DOT and its companion publications, except that certain portions of her testimony, which were based on her "experience and training as a vocational rehabilitation counselor." (AR 97.) The ALJ was entitled to rely on the VE's testimony and properly did so in finding that Olimpiada could perform other work. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required."); *see also*, *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (holding that an ALJ's reliance on qualified, cogent, and uncontradicted expert testimony generally constitutes substantial evidence in support of the ALJ's finding). Olimpiada's own assessment of vocational data derived from O*NET and the Occupational Outlook Handbook does not undermine the reliability of the VE's opinion, which the ALJ adopted at step five. *See Ford*, 950 F.3d at

1160 ("a [VE's] testimony is one type of job information that is regarded as inherently reliable; thus, there is no need for an ALJ to assess its reliability.").

Further, the ALJ's reliance on the DOT information, even in the face of conflicting evidence from other non-DOT sources, is sufficient to demonstrate that substantial evidence supports the ALJ's findings. The ALJ is entitled to rely on the VE's testimony regarding the number of jobs in the economy. 20 C.F.R. § 416.966(e) (authorizing ALJs to rely on a VE's testimony to determine occupational issues). Here, the VE's testimony, in reliance on DOT data, meets the substantial evidence standard. *See Terry v. Saul*, 998 F.3d 1010 (9th Cir. 2021) (finding that VE's testimony regarding jobs plaintiff could perform "was supported by [the expert's] unchallenged expertise and her reference to the [DOT]" and therefore "constituted substantial evidence" despite Plaintiff's new, conflicting evidence from O*NET and the Occupational Requirements Survey).

Accordingly, for the reasons discussed above, the Court finds and concludes that the ALJ's step five finding is supported by substantial evidence and free from reversible legal error.

**V.      CONCLUSION**

Having reviewed the Administrative Record as a whole and weighing the evidence that supports and detracts from the Commissioner's conclusion, the Court finds that the ALJ's decision was supported by substantial evidence.

Accordingly, **IT IS THEREFORE ORDERED** that Olimpiada's motion to remand (ECF No. 20) is **DENIED**, and the Commissioner's cross-motion to affirm (ECF No. 23) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk **ENTER JUDGMENT** and **CLOSE THIS CASE**.

**DATED**: January 3, 2022          .

_____
**UNITED STATES MAGISTRATE JUDGE**